UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROYD J. RAUCH,<br><br>Defendant. | Case No. 1:20-cr-00047-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Defendant's Motion for Early Termination of Supervised Release. (Dkt. 37).  For the reasons explained below, the Court will deny the motion.

## BACKGROUND

In May 2020, Defendant Royd Rauch pleaded guilty to two counts of distribution of methamphetamine. The Court later sentenced him to 78 months' imprisonment, followed by three years of supervised release. Rauch was placed on supervised release in August 2024, and he is slated to complete his three-year term in August 2027. He asks the Court for early termination of supervision.

## LEGAL STANDARD

The Court has broad discretion to impose terms of supervised release. *See*

MEMORANDUM DECISION AND ORDER - 1

18 U.S.C. § 3583(e)(1); *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014). This includes the discretion to terminate supervision after Defendant has served one year of their supervised release. 18 U.S.C. § 3583(e)(1). In deciding whether to grant a motion for early termination, courts must review several sentencing factors, which include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) deterrence;
>
> (3) protection of the public;
>
> (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation;
>
> (5) the sentence and sentencing range established for the category of defendant;
>
> (6) any pertinent policy statement by the Sentencing Commission;
>
> (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (8) the need to provide restitution to any victims of the offense.

*See* 18 U.S.C. §§ 3583(e)(1) & 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4),

MEMORANDUM DECISION AND ORDER - 2

(a)(5), (a)(6), and (a)(7).[1] If, after considering these factors, the court is satisfied that early termination is "warranted by the conduct of the defendant released and the interest of justice," the court may grant the motion. The Ninth Circuit has specifically rejected "the proposition that early termination is reserved for cases of exceptionally good behavior," holding that a district court may not require exceptional behavior as a predicate for early termination. *See United States v. Ponce,* 22 F.4th 1045, 1047 (9th Cir. 2022). In deciding early termination motions, courts must provide an explanation based on consideration of the factors outlined above, but they need not elaborate unnecessarily. *Emmett*, 749 F.3d at 821-22.

## ANALYSIS

Although Rauch has completed more than one year of supervision and has made many positive strides in his life, the Court is not persuaded that early termination is warranted. In seeking early termination, Rauch points to his positive personal growth and community outreach. Rauch says that early into his time in custody he chose to "seize the opportunity of his circumstances" and "commit[] to self-improvement" which he did through completing a variety of programs. *See*

---

[1] Congress specifically left out from consideration the need "to reflect the seriousness of the offense, to promote respect for the law, [or] to provide just punishment for the offense." 18 U.S.C. §§ 3553(a)(2)(A), 3583(e).

Dkt. 37, at 2. Since his release, he has remained sober and currently lives with his long-term partner in his own residence, stating that his focus has been his family and "gaining personal stability." *Id.* He hasn't had any violations while on supervision.

Having considered Rauch's arguments, and each of the factors outlined above, the Court cannot find that termination of supervision is warranted by Rauch's conduct or the interests of justice. Most broadly, the Court finds that the structure provided by supervision is necessary to ensure that Rauch continues to thrive. More specifically, the Court finds that the structure of the supervision is contributing to his lack of relapse or recidivism as he continues to comply with the terms of supervision and make strides in his personal life.

The Court commends Mr. Rauch for his many successes, including managing his health, helping his neighbors, and caring for his partner. The Court hopes that he continues this upward trajectory. And in evaluating this motion, the Court has taken Mr. Rauch's recent conduct into account. In other words, the Court has considered the most up-to-date picture of the defendant. But evaluating the present-day defendant does not require the Court to entirely disregard his history. Rauch has a lengthy criminal history and prior difficulties complying with court-imposed conditions. Granted, many of these incidents occurred years ago. But even

MEMORANDUM DECISION AND ORDER - 4

so, the Court finds that ongoing supervised release—even at an administrative level—remains beneficial in helping ensure Rauch's continued success and stability.

Finally, the Court will note that it is not persuaded by Rauch's other arguments. For example, although Rauch asserts that early termination would allow him to travel to Idaho Falls to visit family, he hasn't explained why such travel could not be accomplished while on supervision, through a request to his probation officer. Similarly, the Court is not persuaded by the arguments raised on reply, regarding the granting of early-termination motions in other cases. Resolving this motion is not a statistical comparison exercise. Rather, the Court is considering the individual defendant before it, and his specific factual circumstances. Having engaged in this individualized analysis, the Court is not persuaded that early termination is warranted.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Early Termination of Supervised Release (Dkt. 37) is **DENIED**.



DATED: May 29, 2026

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 5